IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARNIE MONTS, | No. 4:18-CV-02076 |
| Plaintiff, | (Judge Brann) |
| v. | |
| CHAPLAIN ABBAS ADEKA, | |
| Defendant. | |

**MEMORANDUM OPINION**

APRIL 27, 2021

## I.  BACKGROUND

Plaintiff Carnie Monts, initiated this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] asserting an Eighth Amendment claim of excessive force against *pro se* Defendant Chaplain Abbas Adeka, who allegedly grabbed Plaintiff's arm, spun him around, struck him in the face, and then kicked him.[2]  Defendant filed an answer with a counterclaim against Plaintiff alleging a state law claim for assault and battery alleging that Plaintiff had assaulted him.[3]  Plaintiff has not filed an answer to the counterclaim, and Defendant has not moved for a default judgment against him.

---

[1] 403 U.S. 388 (1971).
[2] Doc. 1 at 4.
[3] Doc. 16 at 2.

At the time Plaintiff filed the complaint, he was confined at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania.[4] He was subsequently transferred to the Federal Correctional Institution at Bennettsville in Bennettsville, South Carolina, and he updated his address with the Court to reflect that transfer.[5] Plaintiff has not communicated with the Court since June 4, 2020, and a review of the Federal Bureau of Prisons Inmate Locator confirms that Plaintiff is no longer incarcerated at FCI Bennettsville and has failed to update his address of record.

## II. DISCUSSION

Middle District of Pennsylvania Local Rule 83.18 provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the course of the litigation. This Court's Standing Practice Order No. 94-2, which applies when a plaintiff is proceeding *pro se*, similarly provides, in pertinent part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.[6]

---

[4] *See* Doc. 1.
[5] *See* Doc. 17.
[6] *See* Doc. 6.

Although Plaintiff has apparently been transferred, he has failed to provide the Court with his current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate.[7]  Plaintiff no longer resides at his address of record, and, as noted above, he has not made any filings or otherwise communicated with the Court since June 4, 2020.[8]  Plaintiff has made no effort to prosecute his case, and this failure as well as his failure to provide his current address after he was transferred has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claim.  Accordingly, it is a waste of judicial resources to allow Plaintiff's action to continue. It will be dismissed without prejudice.

Having dismissed Plaintiff's action, Defendant's state law counterclaim for assault and battery remains.  The Court may exercise supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367.[9]  I will decline to do so here.

I note that: "The district courts may decline to exercise supplemental jurisdiction . . . if   . . . the district court has dismissed all claims over which it has

---

[7] *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).
[8] Doc. 21.
[9] There appears to be no diversity of citizenship between Plaintiff and Defendant so jurisdiction under § 1332 cannot lie independently, separate and apart from the federal claim.

original jurisdiction."[10]  "The decision to retain or decline jurisdiction over state-law claims is discretionary" and "should be based on considerations of judicial economy, convenience and fairness to the litigants."[11]  Additionally, federal courts should be guided by the goal of avoiding "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties."[12]  Further, the Third Circuit has recognized that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.[13]

Because Defendant's assault and battery claim concerns interpretations of Pennsylvania law, and Plaintiff's federal claim has been dismissed before trial, the prudent course is to decline to exercise supplemental jurisdiction over the state law claim.  For these reasons, the Court will dismiss Defendant's state law claim without prejudice for lack of jurisdiction in accordance with 28 U.S.C. § 1367(c)(1).

---

[10]  28 U.S.C. § 1367(c)(3).
[11]  *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).
[12]  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).
[13]  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).  *See also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal question] claims are dismissed before trial").

## III. CONCLUSION

For the foregoing reasons, this Court will dismiss this Plaintiff's action for failure to prosecute and will further decline to exercise supplemental jurisdiction over Defendant's state law counterclaim. In the event that Plaintiff provides the Court with his current address within a reasonable period of time, I may reconsider this determination.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge